Samuel A. Spiegel, J.
Plaintiff moves for a temporary injunction to restrain the wrongful exploitation of a tape recording. Plaintiff, William H. Cosby, Jr., better known as Bill Cosby, is an acclaimed and accomplished television performer and recording artist. He is currently costarring in a television series called “ I Spy
In 1962, while plaintiff was a relatively unknown entertainer, he appeared at a Greenwich Village night club, “ The Bitter End ”. It is alleged that one of the defendants made taped reproductions of plaintiff’s performances at “ The Bitter End ”, without the knowledge, authorization or consent of the plaintiff. Exploitation of these tapes is threatened, which could cause irreparable damage to plaintiff. Further, an attempt has been made to sell these recordings to the plaintiff at a very substantial price.
This motion was initiated by order to show cause on October 3, 1967, which permitted service on the defendants or their attorneys on or before October 4, 1967. It contained a temporary stay and bond of $5,000 was furnished. Service has been made on the defendant Card. Service was made on an attorney on behalf of Card’s three named codefendants. By further order of November 21, 1967, based on “So ordered” stipulations of October 6 and November 17, 1967, service was permitted on the defendants Hood by service on Sidney Curan, their attorney. It appears that service on the defendants Hood, pursuant to CPLR 308 (subds. 1, 2, 3) is impracticable. As attorney pro se, the defendant Card, and Sidney Curan, as attorney for Card’s three named codefendants, did stipulate on October 3, 1967 for continuance of the motion with the temporary stay. Curan appeared “ specially ” for the three defendants other than Card, for the purpose of attacking jurisdiction only on the motion. Similar stipulation was made October 23, November 3, November 14, and November 17,1967, and each was “ So ordered ”.
CPLR 6313 (subd. [b]) provides: “ Unless the court orders otherwise, a temporary restraining order together with the papers upon which it was based, and a notice of hearing for the *395 preliminary injunction, shall be personally served in the same manner as a summons.” The papers supporting the order to show cause and temporary stay sufficiently disclosed that acts of a tortious nature were then in progress. Plaintiff, prima facie, has shown a sole and exclusive right in the performance of which the recording was made.
CPLR 308 (subd. 4) provides that a summons may be served on a natural person ‘ ‘ in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraph one, two or three of this section.” It appears to be virtually conceded that service under those subdivisions of section 308 was impracticable. Counsel insists that while he did act as attorney for three of the named defendants both before and after this action was instituted, he was not, and is not, their attorney in relation to the instant action, nor an agent to receive service. In any event, the court had before it both in connection with the order to show cause of October 3, 1967, and the order of November 21,1967, sufficient data to give it jurisdiction to direct a temporary stay and to provide for service in such manner as it may direct. The temporary stay having been warranted, the question to be determined is whether the court may entertain and grant the motion for temporary injunction.
Counsel claims he was not representing the three named defendants who have not been otherwise personally served, and that any appearance on their behalf is special and for the purpose of the motion only. This contention is without meaningful legal effect (CPLR 320, subd. [b]). To contest jurisdiction, our practice now recognizes a motion or insertion of said defense in a responsive pleading. Its characterization as a “ special appearance ” is fruitless and to no avail since that procedure no longer exists.
An appearance under our practice does not preclude contest of jurisdiction if the objection is raised as required (CPLR 320, subd. [b]; 3211) by motion or responsive pleading asserting the objection. This has not been done. It was not done deliberately, because the intent was to oppose the injunction motion only, by stating the objection to jurisdiction, without motion or answer, and without contest on the merits. Such contest is permissible along with objection to the jurisdiction when timely and properly raised.
The stipulations herein have not extended defendants’ time to move or answer. Time for responsive pleading has expired. This is an unsuccessful attempt to object to jurisdiction by circumventing the appropriate governing statutes.
*396 An appearance of the defendant is equivalent to personal service of the summons on him, unless objection to jurisdiction is raised by motion or answer (CPLR 320, subd. [b]; 3211, subd. [e]). Thus, any appearance, whether called special or otherwise, is deemed a timely general appearance. Here defendants elected not to move, not to answer, and not to contest this motion on the merits, leaving plaintiff in a state of limbo. This practice is highly irregular.
The “ special ” appearance is an abortive and inexcusable attempt to object, without submitting to this jurisdiction. By resorting to this device, defendants attempt to delay joining of issue on the merits of the motion or in the action. The device fails and the defendants are virtually in default. Their remedy was to cross-move, or interpose an answer attacking jurisdiction. The statute so dictates. While it may appear to create a hardship, the remedy lies with the Legislature. Justice dictates the granting of the relief herein in any event.
In this posture, the court must reach the conclusion that there has been deliberate intent not to submit to the jurisdiction herein, nor to urge the merits of any defense to the motion or action.
Accordingly, the motion for a temporary injunction is granted. Pending the trial of this action, the defendants, and each of them, together with their agents, servants or employees, attorneys and others under their control, be and they hereby are stayed from taking any action to sell, offer for sale, transfer, distribute, advertise, broadcast, exploit, release, manufacture, duplicate or otherwise deal in and with (1) phonograph recordings or tapes of the plaintiff’s voice, (2) the name or likeness of the plaintiff, or (3) in any other manner holding themselves out to the public as having any right or interest in and to the name, likeness or recorded voice of the plaintiff. The bond previously furnished is continued.